# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50097

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2019

Lyle W. Cayce
Clerk

NAUTILUS, INCORPORATED,

　　　　Plaintiff - Appellee

v.

ICON HEALTH & FITNESS, INCORPORATED,

　　　　Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-00080

Before CLEMENT, OWEN, and HO, Circuit Judges.

PER CURIAM:[*]

Nautilus sued ICON Health & Fitness for breach of contract after ICON stopped paying royalties on a licensed patent. The district court granted summary judgment to Nautilus. Because we find no error, we AFFIRM.

Nautilus and ICON are exercise equipment companies. After a series of assignments, ICON became a non-exclusive licensee of some of Nautilus's patents. Under the Patent Licensing Agreement, ICON was required to pay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

royalties on all licensed "Products" it made or sold during the term of the respective patents. "Products" is a defined term: "any apparatus, systems or products covered by at least one Claim of any of [Nautilus's] Patent Rights."

The parties dispute whether ICON owes royalties for a Chinese elliptical-machine patent. After years of paying royalties, ICON stopped making payments because it determined that it was not manufacturing a royalty-generating "Product." Because ICON manufactured and sold a partially assembled machine, it believes that it did not manufacture anything "covered by" Nautilus's patent for a fully assembled machine.

Nautilus sued ICON for breach of the Agreement and ICON counterclaimed in equity to recover some royalty payments it made on the Chinese patent. The parties cross-moved for summary judgment on the contract claim. The district court granted summary judgment to Nautilus. It concluded that ICON's manufacture was covered by Nautilus's patent, and thus ICON's failure to pay royalties breached the Agreement. We agree with the district court.

To begin with, we agree that Nautilus's right to royalties is coextensive with its right against infringement. So we must determine whether ICON's machines "infringed" Nautilus's patent. Nautilus argues that ICON has "admitted" or otherwise waived its right to contest that ICON's activities violate Nautilus's patent. We reject these arguments for essentially the same reasons as the district court.

We also agree with the district court that ICON's activities infringed the patent. Nautilus's patent protects two innovations: the component parts of the elliptical machine and the structural relationship between the component parts. The parties agree that ICON's machines include all the component parts protected by the patent. Moreover, they agree that if ICON had assembled the elliptical machine and sold that assembled product, it would have violated

2

No. 18-50097

Nautilus's patent.  But ICON argues that its manufacture and export of a partially assembled machine does not "practice" the structural elements of the patent, and therefore does not infringe the patent.

In the district court, both parties offered expert reports on Chinese patent law.  The experts agreed on the basics:  To infringe a patent, the infringing party must "practice" all elements of the patent (the "all-elements rule") within China.  But they disagreed whether the all-elements rule requires structural relationships to be practiced through full assembly, or whether those relationships can be practiced through partial assembly with instructions.  ICON contends that structural elements may only be practiced through assembly.  Thus ICON argues that the district court improperly closed a "gap" in Chinese patent law that existed under American patent law—one that was only closed by legislation.  *See Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 442–45 (2007) (describing the loophole first recognized by *Deepsouth Packing Co., Inc. v. Laitram Corp.*, 406 U.S. 518, 526–29 (1972), and acknowledging its later closure by 35 U.S.C. § 271(f)(1)).

We agree with the district court and Nautilus.  We are not persuaded by ICON's arguments that any "gap" exists in Chinese law, and we therefore cannot reverse the district court for "improperly filling" it.

We AFFIRM the judgment.